# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**THOMAS LEDUC,**

    **Plaintiff,**

v.                                                        Case No.: 4:20-cv-00028

**TALCON GROUP, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Thomas LeDuc, sues Defendant, Talcon Group, LLC ("Talcon"), and alleges:

## NATURE OF THE ACTION

1. This is an action for unpaid overtime compensation, compensatory damages, liquidated damages and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

## PARTIES AND JURISDICTION

2. Plaintiff is an individual who was employed by Talcon in Leon County, Florida.

3. Talcon is a Florida for-profit limited liability company doing business in Leon County, Florida, and is subject to the jurisdiction of this Court.

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331.

5.  Venue is proper in this Court under 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Leon County, Florida.

## ALLEGATIONS OF FACT

6.  Talcon is engaged in the business of providing construction services for underground utilities and stormwater projects.

7.  Plaintiff was employed by Talcon, primarily in Leon County, Florida, in connection with Talcon's contracts with the City of Tallahassee, from 2009 to August 7, 2019 when Talcon fired him.

8.  Talcon is an employer of Plaintiff within the meaning of the FLSA and, at all times material to this case, was an enterprise engaged in commerce or in the production of goods for commerce in that it has employees engaged in commerce or in the production of goods for commerce and has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce throughout the nation, and it has an annual gross sales volume of sales made or business done that exceeds $500,000.

9.  At all time during his employment, Plaintiff was an employee of Talcon within the meaning of the FLSA and, while so employed, was engaged in commerce or in the production of goods for commerce in that he, among other

things, regularly and recurrently engaged in interstate travel and communication in the performance of his duties and responsibilities as an employee of Talcon.

10.     Up to the time he was fired, Plaintiff regularly worked in excess of 40 hours in a workweek while employed by Talcon and was not paid at the overtime rate of one and one-half his regular rate of pay for such hours.

11.     Six days before Talcon fired Plaintiff, Plaintiff complained to Talcon's office manager, Belinda Hurst, that Talcon had not being paying him overtime to which he was entitled under the law.  The office manager told him that Talcon's owner would not be happy with his complaint.  Six days later he was fired.

## COUNT I
## Unpaid Overtime under 29 U.S.C. § 207

12.     Plaintiff restates and incorporates herein the allegations in paragraphs numbered 1-11 above.

13.     Section 207(a)(1) of the FLSA prohibits an employer from employing its employees for a workweek longer than 40 hours, unless such employee receives compensation for all hours he or she is employed in excess of 40 hours at a rate not less than one and one-half times the regular rate of pay.

14.     Talcon has regularly employed Plaintiff in excess of 40 hours in a workweek, did not paid him at a rate of one and one-half times his regular rate of pay for all the hours worked in excess of 40 hours in a workweek, and thus has

violated § 207 of the FLSA.

15. As a consequence of Talcon's violation of the FLSA, Plaintiff is entitled to one and one-half times his regular rate of pay for all hours he worked in excess of 40 hours for each week he was employed by Talcon.

16. Plaintiff is also entitled to recover liquidated damages in an equal amount to the overtime he was not paid.

17. The actions of Talcon complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

18. Plaintiff has had to retain counsel to enforce his rights under the FLSA and is entitled to recover his attorneys' fees and costs connected with this action.

## COUNT II
### Retaliation under 29 U.S.C. § 215

19. Plaintiff restates and incorporates herein the allegations in paragraphs numbered 1-11 above.

20. Section 215(a)(3) prohibits an employer from retaliating or otherwise discriminating against and employee because the employee has complained about its violation of his rights under the FLSA.

21. Plaintiff complained to Talcon that his right to be paid overtime were being violated.

22. Talcon fired Plaintiff because of his complaint.

4

23. As a consequence of Talcon's violation of the FLSA, Plaintiff is entitled to compensatory damages, including lost wages and damages for emotional distress and mental anguish, as well as liquidated damages in an equal amount.

24. The actions of Talcon complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

25. Plaintiff has had to retain counsel to enforce his rights under the FLSA and is entitled to recover his attorney's fees and costs connected with this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Enter a judgment awarding Plaintiff unpaid overtime compensation and an additional equal amount as liquidated damages;

B. Enter a judgment awarding Plaintiff compensatory damages and an equal amount as liquidated damages;

C. Enter judgment awarding Plaintiff his reasonable attorneys' fees and costs; and

D. Grant such other relief which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all claims so triable.

Dated: January 15, 2020.

                        */s/John C. Davis*
                        JOHN C. DAVIS
                        Florida. Bar No. 827770
                        Law Office of John C. Davis
                        623 Beard Street
                        Tallahassee, FL 32303
                        (850) 222-4770
                        (850) 222-3119 (fax)
                        john@johndavislaw.net

                        and

                        RYAN B. HOBBS
                        Florida Bar No. 0044179
                        Brooks LeBoeuf Foster Gwartney
                            Leace & Hobbs, P.A.
                        909 East Park Avenue
                        Tallahassee, FL 32301
                        (850) 222-2000
                        (850) 222-9757 (fax)
                        rhobbs@tallahasseeattorneys.com
                        jeanetta@tallahasseeattorneys.com

                        *Attorneys for Plaintiff*